**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY WILLARD FULLER, Jr., <br><br> Plaintiff, <br><br> v. <br><br> MONA S. HOUSTON, et al., <br><br> Defendants. | NO. EDCV 21-00127 JGB (AS) <br><br> **ORDER ACCEPTING FINDINGS,** <br> **CONCLUSIONS AND RECOMMENDATIONS** <br> **OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint and all of the records herein, including the Report and Recommendation of a United States Magistrate Judge, Plaintiff's Objections to the Report and Recommendation, and Defendants' Response to Plaintiff's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court finds that Plaintiff's Objections to the Report and Recommendation are without merit and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

1  Plaintiff initially objects to the recommendation to deny his
2  Request for Judicial Notice (Dkt. No. 38), and he renews his Request
3  for Judicial Notice in his Objections. (Objections at 1, 6-8). The
4  Report and Recommendation recommended denying Plaintiff's Request for
5  Judicial Notice for two reasons: (1) because Plaintiff had not provided
6  the Court with the majority of documents for which he sought judicial
7  notice; and (2) with regard to the only document Plaintiff partially
8  provided the Court – a California Office of the Inspector General's
9  report entitled "COVID-19 Review Series Part One Inconsistent Screening
10 Practices May Have Increased the Risk of COVID-19 Within California's
11 Prison System" ("OIG's COVID-19 Report") – Plaintiff improperly sought
12 judicial notice of disputed facts contained in the document. (See
13 Report and Recommendation at 12-13 n.4). In his Objections, Plaintiff
14 attempts to rectify the first issue by providing "a dramatically
15 smaller set" of documents for which he seeks judicial notice.
16 (Objections at 1 & Exhs. 1-6). However, this does not address the
17 second issue the Report and Recommendation noted – that the facts
18 contained in the OIG's COVID-19 Report are not the proper subject of
19 judicial notice. See Doe v. Regents of the Univ. of Cal., __ F.4th __,
20 2022 WL 98135, *10 n.15 (9th Cir. 2022) ("We cannot take judicial
21 notice of disputed facts contained in public records, which is what it
22 appears the Regents asks us to do here."); Khoja v. Orexigen
23 Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (A "'court may
24 take judicial notice of matters of public record without converting a
25 motion to dismiss into a motion for summary judgment.' But a court
26 cannot take judicial notice of disputed facts contained in such public
27 records." (citation omitted)). Nor do the other documents attached to
28

Plaintiff's Objections alter this result. Accordingly, Plaintiff's renewed Request for Judicial Notice is denied.[1]

Plaintiff also requests leave to add Correctional Officer A. Angel as a defendant. (Objections at 8-9). Plaintiff's request is granted. Plaintiff may include Correctional Officer A. Angel as a defendant – in his or her individual capacity only – in any First Amended Complaint Plaintiff files.

Additionally, Plaintiff asks that the Court appoint him counsel, arguing that given current law library access issues due to the Omicron variant, dismissing his Complaint with leave to amend without appointing counsel is tantamount to violating his right to court access. (Objections at 8-10).

There is no constitutional right to appointed counsel in a civil action. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The decision to appoint counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation and internal quotation marks omitted). To decide whether exceptional circumstances

---

[1] Of course, merely because the Court declines to take judicial notice of facts contained in a document does not mean that Plaintiff may not make those allegations directly in any amended complaint he files. Nor does it mean that Plaintiff cannot, in the future, rely on the document to provide evidentiary support for his claims, such as on summary judgment. See Doe, __ F.4th at __, 2022 WL 98135 at *10 n.15 (denying Regents' request for judicial notice "without prejudice to the Regents seeking admission of these documents in further proceedings").

exist, the court must evaluate both "the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations and internal quotation marks omitted); Cano v. Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014).

Plaintiff has not met his burden of showing exceptional circumstances to support appointment of counsel. Palmer, 560 F.3d at 970. "Because plaintiff failed to state a cognizable civil rights claim, the court is unable to determine whether plaintiff's underlying claims have merit; therefore, appointment of counsel is premature." Gomez v. CDCR, 2017 WL 3208717, *6 (E.D. Cal. 2017); see also Laferriere v. Bodwell, 2021 WL 4439878, *2 (W.D. Wash. 2021) ("[A]t this point plaintiff has not yet submitted a complaint that asserts viable claims. It is therefore premature to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex."). Moreover, Plaintiff's complaints about "difficulties which any litigant would have in proceeding pro se" – such as limited law library access due to the effects of COVID-19 – "do not indicate exceptional factors." Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Foster v. Kaweak Delta Med. Ctr., 2021 WL 5566563, *3 (E.D. Cal. 2021) ("Circumstances caused by the Covid-19 pandemic do not establish exceptional circumstances."); Laferriere, 2021 WL 4439878 at *2 ("Plaintiff indicates that due to Covid-19-related restrictions he has had difficulty accessing the law library. But this is not an exceptional circumstance that sets plaintiff aside from any other prisoner litigant during this pandemic."

(citation omitted)); Rodriguez v. United States, 2021 WL 1172777, *1 (E.D. Cal. 2021) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In addition, the challenges presented by the COVID-19 pandemic do not establish exceptional circumstances."). Accordingly, Plaintiff's request for appointment of counsel is denied without prejudice. However, Plaintiff is free to seek a reasonable extension of time if circumstances prevent him from timely filing a First Amended Complaint. See Hemingway v. CSP-LAC, 2021 WL 3710525, *2 (C.D. Cal. 2021) (denying request for appointment of counsel when plaintiff failed to show exceptional circumstances and because the "Court is willing to grant Plaintiff any reasonable extensions of time that he may request on the basis of the COVID-19 lockdowns"); Laferriere, 2021 WL 4439878 at *2 ("[A]ny delays caused by insufficient library access may be addressed by a motion for an extension of an affected deadline."). Nothing in this Order is intended to preclude Plaintiff from retaining counsel on his own.

Plaintiff's remaining objections are without merit and do not warrant further discussion.

**IT IS ORDERED** that (1) Plaintiff's Requests for Judicial Notice (Dkt. Nos. 38, 45) are DENIED; (2) Plaintiff's Request for the Appointment of Counsel is DENIED WITHOUT PREJUDICE (Dkt. No. 45); (3) Defendants' Motion to Dismiss (Dkt. No. 32) is GRANTED and (a) Plaintiff's state law claims are dismissed without prejudice; (b) Plaintiff's claims against Defendants in their official capacities are

dismissed without leave to amend; and (c) Plaintiff's claims against Defendants in their individual capacities are dismissed with leave to amend; and (4) Plaintiff shall file a First Amended Complaint no later than 30 days from the date of this Order.  The First Amended Complaint may add Correctional Officer A. Angel as a defendant in his or her individual capacity only.

Plaintiff is cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described in the Report and Recommendation, will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on Plaintiff at his current address of record.

DATED: January 25, 2022

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE