| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | DEBORAH B. WADLEIGH<br>Supervising Deputy Attorney General |
| 3 | COLIN A. SHAFF<br>Deputy Attorney General |
| 4 | State Bar No. 300301 |
| 5 | 300 South Spring Street, Suite 1702<br>Los Angeles, CA  90013-1230 |
| 6 | Telephone: (213) 269-6039<br>Fax: (916) 761-3641 |
| 7 | E-mail:  Colin.Shaff@doj.ca.gov<br>*Attorneys for Defendants* |
| 8 | *R. Amis and M. Farooq* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **BOBBY WILLARD FULLER JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**MONA HOUSTON, et al.,**<br><br>Defendants. | 5:21-cv-00127-JGB-AS<br><br>**NOTICE OF ERRATA; DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Courtroom: 540, 5th Floor<br>Judge: The Honorable Alka Sagar<br>Trial Date: None set<br>Action Filed: January 27, 2021 |

TO THE COURT AND PLAINTIFF BOBBY WARD FULLER, JR., IN PRO PER:

Please take notice that Defendants R. Amis and M. Farooq filed a reply in support of their pending motion to dismiss. (ECF No. 78.) After filing, Defendants realized that the document submitted to the Court inadvertently included an extra copy of the reply brief. Defendants therefore request that the Court strike ECF No. 78. Defendants further request that the Court consider the reply brief that is attached hereto as Exhibit A when evaluating Defendants' pending Motion to Dismiss.

1

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Dated: December 8, 2022 | Respectfully submitted, |
| 5 | | ROB BONTA |
| 6 | | Attorney General of California<br>DEBORAH B. WADLEIGH |
| 7 | | Supervising Deputy Attorney General |
| 8 | | |
| 9 | | ***/s/ Colin Shaff***<br>COLIN A. SHAFF |
| 10 | | Deputy Attorney General<br>*Attorneys for Defendants* |
| 11 | LA2021601862 | *R. Amis and M. Farooq* |
| 12 | Notice of Errata.docx | |

2

# EXHIBIT A

Rob Bonta
Attorney General of California
Deborah B. Wadleigh
Supervising Deputy Attorney General
Colin A. Shaff
Deputy Attorney General
State Bar No. 300301
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6039
  Fax: (916) 761-3641
  E-mail: Colin.Shaff@doj.ca.gov
*Attorneys for Defendants*
*M. Farooq and R. Amis*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BOBBY WILLARD FULLER JR.,<br><br>Plaintiff,<br><br>v.<br><br>MONA HOUSTON, et al.,<br><br>Defendants. | 5:21-cv-00127-JGB-AS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Courtroom: 540, 5th Floor<br>Judge: The Honorable Alka Sagar<br>Trial Date: None set<br>Action Filed: January 27, 2021 |

Defendants M. Farooq and R. Amis reply in support of the pending Motion to Dismiss.

**I. PLAINTIFF IDENTIFIES NO ACTIONS TAKEN BY CAPTAIN AMIS THAT DEMONSTRATED DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH OR SAFETY.**

In the operative pleading, Plaintiff alleges that Correctional Captain Amis made arrangements for inmates to be housed in a dormitory setting in response to the COVID-19 global pandemic. (ECF No. 64, Second Amended Complaint (SAC) at 5-6.) Plaintiff also alleges that, when an inmate in the dormitory setting contracted COVID-19, the inmate was not immediately removed to quarantine.

1

(SAC at 6.) In opposition to Defendants' Motion to Dismiss, Plaintiff reiterates that Captain Amis was personally aware of the dangers posed by COVID-19. (ECF No. 74, "Opposition to Rule 12(b)(6) Motion" (Oppn.) at 3.)

Although Plaintiff's allegations plausibly establish that Captain Amis was aware that COVID-19 posed a risk of harm to all inmates incarcerated at the correctional institution, the allegations in the SAC do not plausibly suggest that Captain Amis knowingly disregarded some specific risk of harm to Plaintiff, nor do Plaintiff's allegations suggest that Captain Amis knowingly failed to protect Plaintiff from some risk of harm. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Rather, Plaintiff's allegations suggest only that Captain Amis responded to the COVID-19 pandemic by instructing subordinate officers to arrange beds in a dormitory setting. (*See* SAC at 5-6.) Plaintiff does not allege any facts suggesting that this instruction resulted in his being exposed to a substantial risk of serious harm, nor does Plaintiff alleges that Captain Amis was aware that her actions would pose a risk of harm to Plaintiff and that she knowingly disregarded this risk. (*Id.*) Accordingly, Plaintiff's factual allegations are insufficient to plausibly establish elements of a claim for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844-45 (1994).

In his opposition to Defendants' motion, Plaintiff also argues that Captain Amis moved other inmates to "cell housing," and that she kept Plaintiff housed in a "crowded dorm." (Oppn. at 5.) This allegation was not alleged in the SAC, so cannot be considered in evaluating Defendants' motion to dismiss. *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004) (noting that a court may not consider allegations or exhibits raised in an opposition when determining the sufficiency of a pleading). Indeed, the SAC does not contain any cognizable allegations suggesting that Captain Amis was directly responsible for making housing determinations for specific inmates. Although Plaintiff alleged in the SAC that Captain Amis had "sole authority" to place an inmate on quarantine, the

1 regulations that Plaintiff cites in support of his contention are actually related to
2 general inmate custody classification and do not relate to specific decisions relating
3 to inmate housing or medical quarantine. (*See* SAC at 6; Cal. Code Regs., tit. 15, §§
4 3375(c); 3376(d)(5).) Finally, even if Captain Amis was personally responsible for
5 deciding Plaintiff's housing assignment, no allegations suggest that Plaintiff was
6 harmed because he was housed in a dormitory setting instead of a cell, nor do
7 Plaintiff's allegations suggest that Captain Amis was actually aware that Plaintiff
8 was exposed to a substantial risk of harm because of his housing situation. (*See*
9 SAC at 5-6.)

For the foregoing reasons, Plaintiff has failed to state a claim for deliberate indifference as to Captain Amis, and the claims against her should be dismissed.

### II. PLAINTIFF IDENTIFIES NO ACTIONS TAKEN BY DR. FAROOQ THAT DEMONSTRATED DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH OR SAFETY.

In the SAC, Plaintiff alleges that Dr. Farooq did not provide adequate training to subordinate medical staff, and that the policies to prioritize care for inmates with COVID-19 meant that Plaintiff did not receive treatment for a chronic lung condition, (SAC at 8-10.) Yet, Plaintiff also alleged that inmates were screened and tested for COVID-19, that inmates who tested positive for COVID-19 were promptly quarantined, and that he did not contract COVID-19 simply by being housed in a dormitory setting. (*See* SAC at 5-7.) Accordingly, because Plaintiff's allegations do not plausibly suggest that Dr. Farooq knew of, and intentionally disregarded, a substantial risk of serious harm posed to Plaintiff, the claim for deliberate indifference should be dismissed as to Dr. Farooq. *See Farmer*, 511 U.S. at 837, 844-45.

Further, in opposition to Defendants' motion, Plaintiff contends that Dr. Farooq acted wrongfully when he did not move Plaintiff from a dormitory setting to "cell housing." (Oppn. at 3-4.) The operative pleading does not contain any allegation that Dr. Farooq was responsible for determining whether Plaintiff should

3

be housed in a dormitory or in a cell, and so this argument cannot be considered in evaluating Defendants' motion to dismiss. *See Jacobson*, 357 F. Supp. 2d at 1204. Moreover, Plaintiff does not allege that he was injured because he was housed in a dormitory setting, nor does he allege that Dr. Farooq was actually aware that Plaintiff was exposed to a substantial risk of harm arising from his housing situation. (*See* SAC at 5-6.) Accordingly, Plaintiff's factual allegations cannot plausibly establish any claim for deliberate indifference, and the SAC should be dismissed as to Dr. Farooq. *Farmer*, 511 U.S. at 837, 844-45.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.

As an initial matter, because Plaintiff's allegations are insufficient to plausibly suggest that Captain Amis or Dr. Farooq demonstrated deliberate indifference, the Court should decline to exercise jurisdiction over any claim arising under state law. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). To the extent that the Court considers Plaintiff's claim for negligence, the facts alleged in the SAC are insufficient to establish that Defendants owed a particular legal duty to Plaintiff with regards to his housing assignments, and are also insufficient to establish that the actions of Defendants were the cause of Plaintiff's alleged harm. In the SAC, Plaintiff alleges no facts suggesting that Captain Amis and Dr. Farooq had a personal duty to house him in any specific location or environment, nor does he allege facts suggesting that that the actions of Captain Amis and Dr. Farooq were the actual or proximate cause of his harm. (*See* SAC at 5-7.) For this reason as well, Defendants' motion should be granted and the SAC should be dismissed. *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 892 (2014) (noting the elements of a claim for negligence); *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 288 (2004) (noting that causation in a negligence claim has not been established unless facts suggest that a defendant's actions were the actual and proximate cause of the plaintiff's injury).

### IV. DEFENDANTS ARE IMMUNE FROM LIABILITY.

Qualified immunity will defeat liability when an official's conduct does not violate clearly established statutory or constitutional rights, of which a reasonable person would have known. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). An official will not be liable for some statutory or constitutional violation unless the question was "beyond debate," such that every reasonable official would understand that the official's actions were unlawful. *See id.*; *see also Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018). In addition, California law provides various statutory immunities to state employees, and public employees are immune for any failure to provide equipment or services in a correctional facility, for failing to provide medical care for inmates in most circumstances, and for harms caused by the actions of others. (*See* Cal. Gov't Code §§ 845.2, 845.6, 820.8.)

In opposing Defendants' Motion to Dismiss, Plaintiff makes no substantive response to Defendants' arguments that they are entitled to qualified immunity and statutory immunities. As such, Plaintiff has failed to rebut that Defendants' arguments that Captain Amis was not aware that it was unconstitutional to install dormitory housing in a prison environment, and that Dr. Farooq was not aware that it was unconstitutional to prioritize certain medical treatments in response to a global pandemic. (*See* ECF No. 70, Motion to Dismiss, at 18-19.) Moreover, even if Plaintiff alleges that Defendants caused him harm when they housed him in a dormitory setting instead of in a cell, *see* Oppn. at 3-6, no controlling precedent established, beyond debate, that Plaintiff's medical condition entitled him to be housed in a cell, instead of in a dormitory. Finally, Plaintiff has not alleged facts sufficient to show that Captain Amis or Dr. Farooq may be liable under California law for any of the actions alleged in the SAC. For these reasons as well, the SAC should be dismissed.

## CONCLUSION

Plaintiff's allegations fail to plausibly state a claim for deliberate indifference or for negligence. Plaintiff fails to allege facts that suggest that Captain Amis knowingly disregarded a substantial risk of serious harm when arranging that dormitory housing be arranged. Plaintiff did not allege in the SAC that Captain Amis intentionally declined to assign him from dormitory housing to cell housing, but even these facts do not plausibly establish that Captain Amis knowingly failed to respond to some substantial risk of harm to which Plaintiff was exposed. Likewise, Plaintiff alleges no facts plausibly suggesting that Dr. Farooq failed to provide proper medical treatment, or that Dr. Farooq knowingly disregarded some risk of harm arising from Plaintiff's being housed in a dormitory setting. For these reasons as well, Plaintiff cannot state a claim for negligence. Finally, Defendants are entitled to qualified immunity and are immune from liability under California law. Defendants' motion should be granted and the SAC should be dismissed.

Dated: December 8, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
DEBORAH B. WADLEIGH
Supervising Deputy Attorney General

*/s/ Colin Shaff*
COLIN A. SHAFF
Deputy Attorney General
*Attorneys for Defendants*
*M. Farooq and R. Amis*

LA2021601862

# CERTIFICATE OF SERVICE

Case Name:   **BOBBY WILLARD FULLER JR., et al.**     Case No.   **5:21-cv-00127-JGB-AS**

I hereby certify that on December 8, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF ERRATA; DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On December 8, 2022, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Bobby Willard, Fuller, CDCR No. V-468763
California Institution for Men
14901 Central Ave.
Chino, CA  91710

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 8, 2022, at Los Angeles, California.

| R. Velasco | /s/ R. Velasco |
|---|---|
| Declarant | Signature |